Lansing, Ch. J.
dissented. The substance of his opinion was as follows:: It is not denied that an inquiry into the general conduct and character of the plaintiff was proper. My impression was, that the instant the defendant had decidedly abandoned the plaintiff, which was to be collected from hi's absenting himself contrary to his agreement, he precluded himself from any interest in her character or conduct; and that the inquiries' ought, therefore, to be restricted to that period. If proof had not been given that the plaintiff had declared, that she expected the defendant’s return in five or six weeks, I should, on this principle, have restricted the defendant to the time he left Troy, unless he could have shown that he left it animo revertendi.
The damages are, in every instance of vindictive actions, presumed to be regulated by the nature of the injury received, and that complained of by the plaintiff is one of the deepest dye.
The defendant ought not to be permitted to avail himself of subsequent circumstances, which his own abandoned conduct might have produced.
*142 With respect to the particular case now under consideration, there are some reasons =to question the respectability of the plaintiff’s character, and some that operate very forcibly. in her favor. *
[Here the chief justice recapitulated the facts as proved at the trial.], ' ,
Under this view, if the principles to govern.this case were now to be fixed, without being influenced by authority, I should doubt whether the defendant ought to be [*119] permitted' to question the plaintiff’s general reputation at all, and whether he ought not to- have been strictly limited to such particular instances of intemperance, incontinence, or imprudence, not the objects of general observation, as1 would excuse his gross violation of a deliberate contract entered into under circumstances which irresistibly imposed upon him a knowledge of her general conduct and character. . ,
Something was -said respecting the damages, which were alleged to be excessive. The jury are the proper judges of the damages, and though I am not prepared to say, that there is no case, however outrageous in actions of this kind, in which the court will not interpose to correct a verdict on that ground, I think it ought certainly never to be done, -unless the inequality between the injury and compensation is extreme. I am not perfectly satisfied with the verdict; I think less damages would have been nearer the line of just retribution; but considering all the circumstances, I do not think them extravagant.
Upon the whole, on this point I am against a new trial.
Another point has been raised. It has been said, that the plaintiff did not show an offer of marriage on her part. We are all of opinion, that there is n.o ground for this objection, the defendant having put it out of the plaintiff’s power to make the offer, by absconding. It cannot, therefore, be necessary to inquire, whether it is imposed on the plaintiff in cases of this kind, generally to prove such an offer,
Benson, U added on the last point, in. which the rest of *143 the court concurred, that a tender of marriage was unnecessary.
New trial granted.